### Dennis D. Boyle et al. *v.* Ferry and Knapp.

In attaching a vacant lot of ground or tract of land, it is not necessary the Sheriff should take possession of the property attached by the actual and corporeal detention of the same.

The execution of the writ has the legal effect of vesting in the Sheriff the civil possession of the defendant.

Where the defendant in the writ, or his tenant, held the natural possession of the property attached, it would be different.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*E. Rawle*, for plaintiffs and appellants. *O. Dorsey*, for defendant.

Voorhies, J. This is an action of partition in which the plaintiffs claim the ownership of an undivided fourth of a certain lot of ground in the parish of Jefferson, as described in their petition. *Isaac Knapp*, one of the defendants, also claims the ownership of the same property. Both parties assert title under *Elnathan S. Hall;* the former by virtue of a forced alienation, and the latter, a sale executed in the State of Ohio on the 11th of March, 1850, and recorded in the parish of Jefferson on the 1st of June, 1850.

The plaintiff, it appears, instituted a suit by attachment against *Elnathan S. Hall,* whom he represented as residing permanently out of the State, for the recovery of $4183 14, besides interest. The Sheriff's return on the writ of attachment is as follows:

"Received, July 21st, 1849; on the same day, attached the following property, to wit: the undivided fourth of a lot or lots in the city of Lafayette, square No. fifty-four, on the corner of Laurel and First streets, and running down from said corner of Laurel street one hundred and eighty-three feet and a half, thence back through the centre of the square, towards Live-Oak street, one hundred and sixty feet, thence up through the square to First street, towards the river, one hundred and sixty feet to the corner or place of beginning; and on the same day, posted a copy of the within attachment at the door of the District Court of this parish. Returned 21st July, 1849.

"F. St. Amand, Deputy-Sheriff parish of Jefferson."

On the 9th of February, 1850, a curator *ad hoc* was appointed by the court to represent the absent defendant *Hall*. Upwards of two months after his appointment, the curator *ad hoc* filed an answer pleading the general issue. On the 4th of June, 1850, a final judgment was rendered in favor of the plaintiffs for the amount claimed in their petition, with privilege on the property attached. On the 10th of August, 1850, the plaintiffs became the purchasers of said property at a judicial sale under the judgment thus obtained by them. The record in this case contains an admission, that the lot attached was not enclosed or built upon, and was vacant.

It is objected, under this state of facts, that the attachment is void, on the ground that the Sheriff did not seize and take into his possession the property attached. In attaching a vacant lot of ground or tract of land, we do not apprehend it to be the duty of the Sheriff to take natural possession of such property. The execution of the writ, as in the present case, has, of itself, the legal effect of vesting in the Sheriff the civil possession of the defendant. But where the defendant in the writ or his tenant held the natural possession of the property attached, we apprehend that it would be different, and the principle in-

54

BOYLE
*v.*
FERRY.

voked in the case of *Stockton* v. *Downey,* 6 An. 581, would then be clearly applicable. See 19 L. R. 254.

The signification of the word attach is to seize, to take by legal authority. The use of the word *seized* certainly would not have given more force and effect to the attachment than the use of the other word *attached,* for it appears to us both convey or express substantially the same sense or meaning. Giving a different construction to the law, or the one contended for by the defendant *Knapp,* would, it seems to us, give rise to a vain and idle ceremony, which we cannot presume was ever intended by the law-maker. Hence we conclude that the Judge *a quo* erred in considering as essential that the Sheriff should have taken possession of the property attached by the actual and corporeal detention of the same.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, that a partition of the property described in the plaintiffs' petition, preceded by an inventory, be made between the parties, as prayed for, and according to the mode prescribed by law, the defendant and appellee *Isaac Knapp* to pay the costs of this appeal, those of the court below to abide the final result of the suit between the parties, and as regulated by law.